# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-1166 PA (GJSx) | Date | February 25, 2016 |
|---|---|---|---|
| Title | Raymund Navarro, et al. v. Medtronic, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Medtronic, Inc. ("Defendant") on February 19, 2016. (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Raymund Navarro ("Navarro") and Steven Ray ("Ray") (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Defendant previously filed a Notice of Removal on January 13, 2016. In a January 14, 2016 Order, this Court remanded the action because Defendant had failed to demonstrate complete diversity and the amount in controversy necessary to establish the Court's diversity jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-1166 PA (GJSx) | Date | February 25, 2016 |
|---|---|---|---|
| Title | Raymund Navarro, et al. v. Medtronic, Inc. | | |

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers regarding Plaintiffs' <u>citizenship</u> which might provide a basis for a second removal. The current Notice of Removal cites a new ground for Defendant's assertion that the amount in controversy requirement is satisfied—namely, Plaintiffs' Bill of Particulars. However, the current Notice of Removal merely contains additional facts about Plaintiffs' citizenship that Defendant had access to but failed to allege when it filed its first Notice of Removal. The current Notice of Removal simply cites the Complaint and a Declaration by Defendant's employee stating that Plaintiffs have worked in California for many years and that neither has indicated any intent not to remain in California. Defendant's new allegations are insufficient to support a proper successive removal. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. As such, Defendant has impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

The Court therefore concludes that Defendant's second Notice of Removal is procedurally defective. <u>See</u> 28 U.S.C. § 1446(b).[1] Accordingly, this action is remanded to Los Angeles County Superior Court, Case No. BC603415. <u>See</u> 28 U.S.C. § 1447(c). The Court stays this order until March 3, 2016. If Plaintiffs wish to remain in federal court and thereby waive the procedural defect discussed above, Plaintiffs shall notify the Court in writing on or before March 3, 2016.

IT IS SO ORDERED.

---

[1] Defendant's request for "leave to amend the Notice and to submit such other and additional evidence as is necessary to satisfy the court of its jurisdiction over the matter" is denied. At this time, there is no remedy for the procedural defect.